| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: DAVID TJADER<br>CASE NUMBER: 0758 3: 17CR00100-001 | Judgment - Page 1 |

# United States District Court
## Western District of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(for offenses committed on or after November 1, 1987) |
| V. | **Case Number:** 0758 3:17CR00100-001 |
| DAVID TJADER | **Defendant's Attorney:** William Jones |

The defendant, David Tjader, pleaded guilty to Count 1 of the indictment.

Counts 2 and 3 of the indictment are dismissed on the motion of the United States.

The defendant has been advised of his right to appeal.

**ACCORDINGLY**, the court has adjudicated defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(2), 18 U.S.C. § 2252(b)(1) | Receipt of Child Pornography | June 16, 2018 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

| | | |
|---|---|---|
| **Defendant's Date of Birth:** | 1974 | July 2, 2018 |
| **Defendant's USM No.:** | 11070-090 | Date of Imposition of Judgment |
| **Defendant's Residence Address:** | Maple, WI | */s/ William Conley* |
| **Defendant's Mailing Address:** | c/o Sauk County Jail<br>1300 Lange Court<br>Baraboo, WI  53913 | William M. Conley<br>District Judge |
| | | July 3, 2018 |
| | | Date Signed: |

AO 245 B (Rev. 3/01)(N.H. Rev.)     DEFENDANT: DAVID TJADER     Judgment - Page 2
CASE NUMBER: 0758 3: 17CR00100-001

# IMPRISONMENT

As to Count 1 of the indictment, it is adjudged that the defendant is committed to the custody of the Bureau of Prisons for a term of 84 months. I strongly recommend that the defendant be placed in an institution capable of addressing both his vulnerable status and need for psychiatric and sex offender counseling. I also recommend that he be afforded prerelease placement in a residential reentry center with work release privileges and sex offender programming.

The U.S. Probation Office is to notify local law enforcement agencies, and the state attorney general, of defendant's release to the community.

# RETURN

**I have executed this judgment as follows:**

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

Case: 3:17-cr-00100-wmc   Document #: 34   Filed: 07/05/18   Page 3 of 8

| | DEFENDANT: | DAVID TJADER | |
|---|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | CASE NUMBER: | 0758 3: 17CR00100-001 | Judgment - Page 3 |

# SUPERVISED RELEASE

The defendant's term of imprisonment is to be followed by a 10-year term of supervised release.   In light of the nature of the offense and the defendant's personal history, I adopt condition numbers 1 through 4, 7 through 9, and 11 through 19 as proposed and justified in the presentence report.

The defendant raised written objections to conditions numbered 12 through 14, 16, and 19 in the revised presentence report.   Similar objections have been raised before this court in the past and have been denied, most recently in *United States v. Robert Tlusty*, Case No. 14-CR-64-JDP-1.   The court notes that should circumstances or law change before or during the defendant's term of supervised release, the defendant will again have the opportunity to address concerns of that nature with the court.   In in the meantime, I overrule each of his objections for the following reasons:

- Special Condition 12: Financial monitoring conditions are necessary. Based on the nature of the offense (including the solicitation of images for payment), the probation office will need to monitor financial records and credit card statements for purchases of computer equipment, Internet services, and illicit materials, as well as to evaluate the defendant's capability to contribute toward the payment of treatment costs. The defendant's personal characteristics include outstanding debts and liabilities of over $20,000.   In addition to paying these, the defendant will be required by statute to pay a $100 assessment, which has not been paid, and will also likely be legally obligated to pay state and federal income tax on income.   Since this financial monitoring condition is not overly burdensome and serves the statutory purposes of sentencing and rehabilitation, and ensures defendant's compliance with legal and financial obligations, it is appropriate here.

- Special Condition 13 & 14: These conditions are appropriate to deter the defendant from offense-related behaviors and to provide monitoring to ensure the safety of the community.   Since the defendant previously communicated with others online in profoundly disturbing ways through file sharing programs and received child pornography using a computer, various forms of monitoring software will be necessary and may be installed on the defendant's computer equipment or electronic devices after he is released to supervision. Any electronic items seized from the defendant based on suspicion of contraband will also necessarily be subject to further forensic analysis.   Currently, there is no statutory provision under 18 U.S.C. § 3583(d) in which a time frame must be established to return these items, and I will not impose strict deadlines for the return of any property removed for inspection.   However, I will require that any property be returned as soon as reasonably possible after inspection, unless the inspection is based on a reasonable suspicion that the property is or contains contraband. In that case, return of the property will be at the discretion of the supervising officer and, if opposed by the defendant, then he may seek relief from this court.

- Special Condition 16: The probation office did not recommend a condition that included Abel Screening or plethysmograph testing.   However, the recommended condition is centered around treatment and polygraph testing to be used as a treatment tool.   Although the test results are not admissible as evidence at trial, all of these testing instruments, including Abel Screening and plethysmograph may be used to assist a treatment provider with addressing offense behavior, and to monitor the defendant to ensure community safety (see U.S. v. Warren 943 F.3d 275 (7th Cir. 2016).   Accordingly, use of all of these methods may be utilized at the discretion of the treatment provider.

- Special Condition 19: The defendant objected to this special condition on the grounds that the registry is unconstitutionally broad.   In particular, while the defendant has been convicted of receipt of child pornography, there is little evidence to conclude he is a child predator. The defendant's statement is noted, but not only will he be required to register under SORNA as part of current state and federal law, the court is not nearly as sanguine about the risks this particular defendant may pose to children.

If, when the defendant is released from confinement to begin his term of supervised release, either the defendant or the supervising probation officer believes that any of the conditions imposed today are no longer appropriate, either one may petition the Court for review.

The instant offense is not drug related and the defendant has no history of drug use.   Therefore, the requirement for drug testing set forth at 18 U.S.C. § 3583(d) is waived.

|  |  |  |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: DAVID TJADER<br>CASE NUMBER: 0758 3: 17CR00100-001 | Judgment - Page 4 |

Defendant is to abide by the statutory mandatory conditions.

**Statutory Mandatory Conditions**

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm, destructive device, or other dangerous weapon while on supervised release.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard and special conditions that have been adopted by this court.

**Standard Conditions of Supervision**

1) Defendant shall not leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer;

2) Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent;

3) Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court;

4) Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification;

5) Not imposed;

6) Not imposed;

7) Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity;

8) Defendant shall permit a probation officer to visit defendant at home, work, or elsewhere at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer;

Case: 3:17-cr-00100-wmc   Document #: 34   Filed: 07/05/18   Page 5 of 8

| | DEFENDANT: DAVID TJADER | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | CASE NUMBER:  0758 3: 17CR00100-001 | Judgment - Page 5 |

9) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

10) Not imposed;

11) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics. The probation officer may also take steps to confirm defendant's compliance with this notification requirement or provide such notifications directly to third parties.

**Special Conditions of Release**

12) Provide the supervising U.S. probation officer any and all requested financial information, including copies of state and federal tax returns.

13). Submit person, property, residence, papers, vehicle, computers [as defined in 18 U.S.C. § 1030(e)(1), or other electronic communications, data storage device, or media], or office to a search conducted by a U.S. probation officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition.

14) Defendant shall provide the supervising U.S. Probation Officer advance notification of any devices associated with or falling within the general category of information technology (IT) that produce, manipulate, store, communicate or disseminate information used by defendant. This includes external and portable hard drives. The probation office is authorized to install applications to monitor any such devices owned or operated by defendant. Defendant is required to comply with the monitoring agreement and may not disable or circumvent any applications. Defendant shall consent to and cooperate with unannounced examinations of any technological equipment owned or used by defendant, including but not limited to retrieval and copying of all data from all information technology devices and any internal or external peripherals based on reasonable suspicion of contraband or illegal activity. The examinations may involve removal of such equipment for the purpose of conducting examination.  Any removed property shall be returned as soon as reasonably possible after inspection, unless the inspection is based on a reasonable suspicion that the property is or contains contraband.  In that case, return of the property will be at the discretion of the supervising officer and, if opposed by the defendant, then he may seek relief from this court.

15) Not possess any material containing sexually explicit of conduct of minors as defined in 18 U.S.C. § 2256(8), including pictures, photographs, books, writings, drawings, videos, video games.

16) As approved by the supervising U.S. Probation Officer, undergo psychosexual evaluations, which may involve use of polygraph examinations. Defendant shall participate in an outpatient sex offender counseling program if recommended by the evaluator, which may involve the continued use of polygraph examinations. Defendant's answers to questions by the treatment provider, probation officer and polygraph examiner shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent. Defendant shall follow all treatment requirements and restrictions. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. Defendant shall allow reciprocal release of information between the supervising U.S. probation officer and the treatment provider.  In addition, although test results are not admissible as evidence at trial, testing instruments, including Abel screening and plethysmograph may be used to assist a treatment provider with addressing offense behavior and to monitor the defendant to ensure community safety (*see U.S. v. Warren*, 843 F.3d 275 (7th Cir. 2016).  Accordingly, these methods may be also utilized at the discretion of the treatment provider.

17) Not meet or spend time with any person under the age of 18 or have verbal, written, telephonic or electronic communication with any such person, except with the express permission of the minor's parent or legal guardian and the supervising U.S. probation officer. This provision does not include persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must deal in order to obtain ordinary and usual commercial services.

18) Not work in any occupation, business or profession, or participate in any volunteer activity where he has access to children under the age of 18 without the prior approval of the supervising U.S. probation officer.

19) Comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C §16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he resides, works, is a student, or was convicted of a qualifying offense.

ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment, and I fully understand them. I have been provided a copy of them. I understand that upon finding a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____   _____
Defendant                                  Date

_____   _____
U.S. Probation Officer                     Date

AO 245 B (Rev. 3/01)(N.H. Rev.)  
DEFENDANT: DAVID TJADER  
CASE NUMBER: 0758 3: 17CR00100-001  
Judgment - Page 7

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | TBD |
| **Total** | $100.00 | $0.00 | TBD |

It is adjudged that the defendant is to pay a $100.00 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

The defendant does not have the means to pay a fine under § 5E1.2(c) without impairing his ability to support himself upon release from custody.   I also find the defendant is indigent and the $5,000 assessment under the Justice for Victims of Trafficking Act of 2015 is waived.

A final order of forfeiture issued under 18 U.S.C. § 2259 is granted.

# RESTITUTION

| NAME OF PAYEE | TOTAL AMOUNT OF LOSS | AMOUNT OF RESTITUTION ORDERED | PRIORITY ORDER OF PAYMENT |
|---|---|---|---|
| Totals: | | | |

The defendant is to pay mandatory restitution to the U.S. Clerk of Court for the Western District of Wisconsin.   Currently, the parties are unable to agree on a restitution amount.   Pursuant to 18 U.S.C. § 3664(d)(5), a restitution hearing is scheduled for September 7, 2018, at 1:00 p.m.

AO 245 B (Rev. 3/01)(N.H. Rev.)     DEFENDANT: DAVID TJADER     CASE NUMBER: 0758 3: 17CR00100-001     Judgment - Page 8

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

    (1) assessment;
    (2) restitution;
    (3) fine principal;
    (4) cost of prosecution;
    (5) interest;
    (6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.